# United States District Court
## for the
# District of Alaska

Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Steven J. Kaniadakis  Case Number: A99-0077-01 CR (JKS)

Sentencing Judicial Officer:  James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:  April 28, 2000

Original Offense:  Mail Fraud, Health Care Fraud

Original Sentence:  65 months imprisonment, 3 years supervised release, $100,821.65 restitution

Date Supervision Commenced:  November 23, 2004

Asst. U.S. Attorney: Karen Loeffler  Defense Attorney:

## PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard Condition of Supervision 5, "The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons," in that since the offender's release from imprisonment in November 2004, the offender has failed to work regularly at a lawful occupation. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X] Revoked
    [ ] Extended for _____ year(s), for a total term of _____ years.

[ ] The conditions of supervised release should be modified as follows:

*Petition for Warrant or Summons*
*Name of Offender        :        Steven J. Kaniadakis*
*Case Number             :        A99-0077-01 CR (JKS)*

Respectfully submitted,

*Eric D. Odegard* (signature)
Eric D. Odegard
Supervising U.S. Probation/Pretrial Services Officer
Date: March 24, 2006

THE COURT ORDERS

[ ]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[xx]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

/s/ James K. Singleton

James K. Singleton
Senior U.S. District Court Judge

March 29, 2006
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>vs.   )<br>)<br>)<br>Steven J. Kaniadakis   ) | Case Number: A99-0077-01 CR (JKS)<br><br>DECLARATION IN SUPPORT OF PETITION |

I, Eric Odegard, am one of the U.S. Probation Officers assigned to supervise the Court-ordered conditions of Supervised Release for Steven J. Kaniadakis, and in that capacity declare as follows:

On April 28, 2000, Steven J. Kaniadakis was sentenced by U.S. District Court Judge James K. Singleton, District of Alaska for several counts of Mail Fraud and Health Care Fraud. Kaniadakis was sentenced to 65 months imprisonment and three years supervised release. Among the standard conditions of supervised release is Condition Number 5, which states, "the defendant shall work **regularly** at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."

On June 20, 2000, the Judgment was amended to include restitution in the amount of $100,821.65. On February 8, 2005, the Judgment was amended for a second time to include the restitution payees.

On November 23, 2004, the term of supervised released commenced in the Middle District of Florida, where the offender resided in St. Petersburg and is being supervised. Jurisdiction of the case remains in the District of Alaska.

On March 7, 2006, the probation officer in the District of Alaska received a letter from the probation officer in the Middle District of Florida, dated March 1, 2006, which set for the following facts in support of the alleged violation.

Between his release date of November 23, 2004, and March 2005, the offender reported no employment. In March 2005, the offender reported "employment" with Vital Associates as a Medical Director. However, this position paid 10% of the agency's gross profit and his first check was $100 for gas money. The offender held a position with Vital Associates for approximately three months, during which time he received a total of $274. During this three month period, the offender was told several times by his probation officer that his income was

unacceptable and that he needed a paying job. He was told that this employment was not viable employment and he continued to seek other employment options. The offender was placed on "job search," which required him to document his job searched and apply for a minimum of three jobs a day. At that time, he was referred to a job placement agency as well as specific employers, who are known to employ those with felony convictions.

From June 2005 to September 2005, the offender was unemployed, when he obtained a position at Crown Euro Cars as a car salesman. On November 15, 2005, the offender was given an initial warning for adversely affecting the morale of other on the sales force, leaving a display without coverage and not following the "Read to Sale." On November 19, 2005, the offender was terminated from that position. The offender reported earnings of $4,170.91 in earnings from Crown Euro Cars. He has been unemployed since November 19, 2005.

The offender has a payment schedule with the probation office to pay $50 per month. This amount was based on his unemployment and has not been changed during the term of supervision. The special assessment balance is approximately $3,896 and none of the restitution has been paid. The offender has been on supervision for almost one year and a half and has earned a total reported income of $4,444.91. As stated above, the $50 per month payment has not been changed, however, the offender was resistant to the mention of paying more than $50 per month during his employment with Crown Euro Cars. The offender has reported to his probation officer that he has been making grand efforts in obtaining employment, however, the probation officer believes he can obtain and maintain employment during his period of supervision. The probation officer has counseled the offender on countless occasions about his unrealistic expectations of the job market, however, the offender appears to be delusive about wages. Although he holds an advanced degree, he often wants to negotiate salaries that are non-negotiable (e.g. the salary of a shoe sales person.) When the negotiations break down, the offender then provides many excused why he does not work.

The offender has been afforded many suggestions by the probation office for job placement agencies and specific employers. It appears as though the options are diminishing. The offender was initially released though the Community Sanction Center, but was unsuccessfully terminated on October 14, 2004, for failure to maintain employment. The Community Sanction Center will not work with him again.

Executed this 24th Day of March , at Anchorage, Alaska, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Eric Odegard
U.S. Probation Officer